**FILED**
**JANUARY 24, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35442-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHELLE DIANNE BROOKS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — A trial court's unpreserved error in failing to conduct an individualized inquiry into a defendant's ability to pay legal financial obligations (LFOs) does not command review as a matter of right. *State v. Blazina*, 182 Wn.2d 827, 833, 344 P.3d 680 (2015). An impecunious defendant saddled with discretionary LFOs as a result of ineffective assistance of counsel can obtain relief, however, by demonstrating (1) that her or his lawyer performed deficiently in failing to raise the defendant's existing and future inability to pay and (2) actual prejudice. *State v. Duncan*, 180 Wn. App. 245, 255, 327 P.3d 699 (2014), *aff'd and remanded*, 185 Wn.2d 430, 374 P.3d 83 (2016). Michelle Brooks makes both showings here.

We reject Ms. Brooks's challenges to her conviction made in a pro se statement of additional grounds, but in light of her demonstration of ineffective assistance of counsel, we remand for resentencing.

FACTS AND PROCEDURAL BACKGROUND

Michelle Brooks, who served as Rock Island's city clerk and city treasurer from August 2011 through April 2014, was charged in late 2014 with first degree theft. The State alleged she had made unauthorized payments to herself of vacation, sick leave, and holiday compensation. Following a bench trial, the court found her guilty of some but not all of the charges.

At sentencing, defense counsel told the court that Ms. Brooks was 42 years old and that since her convictions, it had been "extremely difficult for her to get a job." Report of Proceedings (RP) at 316. Ms. Brooks's father spoke at sentencing and told the court that Ms. Brooks lived in his home and had spent all of her retirement money and savings on her retained counsel, leaving her "broke and barely able to continue." RP at 318. He said she had gone back to college, was working hard on her education, and had looked around for part-time jobs that she could do at the same time. Yet it was hard to find anything because "she was very well known through the community and people just knew what was going on with her." RP at 319.

2

Ms. Brooks faced mandatory costs of a $500 victim assessment, a $200 criminal filing fee,[1] and a $100 DNA[2] collection fee. She faced a substantial restitution liability, although the exact amount would be determined at a future hearing.[3] When the State suggested a $50 monthly payment toward restitution, the court asked Ms. Brooks if she could afford that. When Ms. Brooks said it would be easier for her to pay restitution at $25 per month, the court imposed a $25 a month payment amount but suggested she increase her payments as soon as she could because "the interest eats you up." RP at 323. Although the prosecutor had "defer[ed] to [defense c]ounsel for an ability to repay and a payment plan," Ms. Brooks's lawyer never argued that discretionary costs should not be imposed. RP at 314.

After the prosecutor and State discussed where Ms. Brooks should go to provide her DNA sample, her trial lawyer asked, "Your Honor, what Court costs did the Court impose on this?" RP at 324. The trial court judge responded that he "[g]enerally . . . impose[s] the $500.00 CVC,[4] a $500.00 fine, $100.00 DNA collection fee and $200.00 filing fee . . . [and $]348 in witness fees." RP at 324-25. Ms. Brooks's lawyer made no objection. Ms. Brooks appeals.

---

[1] In March 2018, the legislature amended the criminal filing fee statute, former RCW 36.18.020(2)(h) (2015), to prohibit courts from imposing the $200 filing fee on indigent defendants. LAWS OF 2018, ch. 269, § 17(2)(h).

[2] Deoxyribonucleic acid.

[3] $10,503.99 of restitution was later imposed.

[4] Crime victims compensation.

ANALYSIS

For the first time on appeal, Ms. Brooks argues that the trial court erred when it imposed discretionary LFOs without conducting an individualized inquiry into her ability to pay.

RCW 10.01.160(3) provides that "[t]he court shall not order a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant." In *Blazina*, our Supreme Court concluded that the legislature intended through the statute for "each judge to conduct a case-by-case analysis and arrive at an LFO order appropriate to the individual defendant's circumstances," requiring an individualized inquiry on the record. 182 Wn.2d at 834. A *Blazina* inquiry is required for discretionary LFOs. *State v. Clark*, 191 Wn. App. 369, 373, 362 P.3d 309 (2015).

Under RAP 2.5(a), a defendant must object to a trial court's finding that she or he has the present and future ability to pay in order to preserve a claim of error. "[A] defendant has the obligation to properly preserve a claim of error" and "appellate courts normally decline to review issues raised for the first time on appeal." *Blazina*, 182 Wn.2d at 830, 834. The rationale for refusing to review an issue raised for the first time on appeal is well settled—issue preservation helps promote judicial economy by ensuring "that the trial court has the opportunity to correct any errors, thereby avoiding

4

unnecessary appeals." *State v. Robinson*, 171 Wn.2d 292, 304-05, 253 P.3d 84 (2011).

We decline to exercise discretion to waive Ms. Brooks's failure to object.

That does not end consideration of the LFOs, however, because Ms. Brooks

argues she received ineffective assistance of counsel when her trial lawyer failed to

object to the imposition of discretionary LFOs. "The Sixth Amendment to the United

States Constitution and article I, section 22 of the Washington Constitution guarantee the

right to effective assistance of counsel." *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260

(2011). A claim of ineffective assistance of counsel can be raised for the first time on

appeal. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). "In order to prove

ineffective assistance of counsel, a defendant must show that the attorney's performance

was deficient and that prejudice resulted." *State v. Levy*, 156 Wn.2d 709, 729, 132 P.3d

1076 (2006). A failure to demonstrate either deficient performance or prejudice defeats

an ineffective assistance claim. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d

1251 (1995); *see also Strickland v. Washington*, 466 U.S. 668, 700, 104 S. Ct. 2052, 80

L. Ed. 2d 674 (1984). "A claim of ineffective assistance of counsel presents a mixed

question of fact and law reviewed de novo." *State v. Sutherby*, 165 Wn.2d 870, 883, 204

P.3d 916 (2009).

In most cases in which no objection is made to discretionary costs, the record on

appeal is insufficiently developed for us to determine whether there was a Sixth

Amendment violation. We ordinarily lack enough information from the defendant on her

5

or his financial situation and prospects, and cannot know whether the State contests the defendant's portrayal of her or his plight. These facts are needed to determine both prongs: whether counsel's performance was deficient and whether the defendant was prejudiced. The relevance of these facts to prejudice is self-evident. They are relevant to the quality of the lawyer's performance as well, because deficient performance is not shown if there were legitimate or tactical reasons for a lawyer's conduct. *In re Pers. Restraint of Monschke*, 160 Wn. App. 479, 490, 499, 251 P.3d 884 (2010). The likelihood that an objection will be unsuccessful is a legitimate reason for not objecting. *Id*.

For these reasons, a challenge to discretionary LFOs based on ineffective assistance of counsel will ordinarily have to be made by personal restraint petition, relying on facts outside the trial record. In Ms. Brooks's case, however, the record is sufficiently developed to support her challenge.

In making the State's sentencing recommendation, the prosecutor told the court that he believed witness costs were a mandatory cost. They are not; they are discretionary. *Clark*, 191 Wn. App. at 374. But Ms. Brooks's lawyer did not point this out to the court. Because Ms. Brooks's sentencing was conducted more than two years after *Blazina*, her trial lawyer should have been aware of the difference between mandatory and discretionary costs and that to preserve any issue related to the LFOs, he was required to object.

6

The prosecutor also telegraphed that he was not prepared to contest Ms. Brooks's indigence, stating he "defer[red] to [defense c]ounsel for an ability to repay and a payment plan." RP at 314. Yet Ms. Brooks's lawyer spoke only briefly about her trouble finding employment. He never explicitly addressed the statutory requirement that discretionary costs be limited to what a defendant has the current or future ability to pay or *Blazina*'s requirement for an individualized inquiry. Deficient performance is demonstrated.

Prejudice is demonstrated as well. Had Ms. Brooks's lawyer objected to the imposition of discretionary LFOs, the trial court would have been required to conduct an individualized inquiry into her ability to pay. It had heard that her retirement money and savings had been exhausted for her criminal defense. It had heard about her difficulty in obtaining employment. It was aware of the mandatory costs and her looming restitution obligation.[5] It had signaled its awareness that the interest that would accrue would compound her problems. There was no tactical reason for not arguing the relevant facts and law, and good reason to believe that effective advocacy would have made a difference.

A remand for resentencing is required.

---

[5] The trial court was not required to conduct a *Blazina* inquiry concerning the discretionary $500 fine, but this court has "strongly urge[d] trial judges to consider the defendant's ability to pay before imposing [these] fines." *Clark*, 191 Wn. App. at 376.

7

STATEMENT OF ADDITIONAL GROUNDS

In a pro se statement of additional grounds, Ms. Brooks raises three: she contends (1) her Sixth Amendment right was violated when she was not allowed to confront Susan Driver, the alleged author of a document entered into evidence at trial, (2) her trial lawyer provided ineffective assistance in additional respects, and (3) the State withheld exculpatory evidence.

*Sixth Amendment violation.* Ms. Brooks argues that her Sixth Amendment confrontation right was violated when the State failed to call as a witness Susan Driver, whom Ms. Brooks contends was the creator of an audit report that was admitted at trial. According to Ms. Brooks, the report was not certified and none of the State's witnesses knew who generated it.

At trial, Ms. Brooks objected to the report's admission on hearsay grounds. The trial court initially sustained the objection but overruled it when the State presented additional testimony that the court ruled qualified the report for the business record exception to the hearsay rule.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. In *Crawford v. Washington*, 541 U.S. 36, 59, 68, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), the United States Supreme Court held that where a witness is absent and the State wishes to present his or her prior testimonial statements at trial, it can do so only

if the witness is truly unavailable and the defendant has had a prior opportunity for cross-examination.

A defendant must raise a confrontation challenge to evidence at trial or it is waived. The objection is fundamental—it "is part and parcel of the confrontation right itself . . . . [W]hen a defendant's confrontation right is not timely asserted, it is lost." *State v. O'Cain*, 169 Wn. App. 228, 240, 279 P.3d 926 (2012) (citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 326, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009)). Because Ms. Brooks raised no confrontation objection at trial, any violation was waived.

Ms. Brooks also fails to demonstrate that the audit report was testimonial. "A confrontation clause violation does not occur unless the admitted hearsay evidence was 'testimonial' and the accused did not have a prior opportunity to cross-examine the unavailable declarant." *State v. Fleming*, 155 Wn. App. 489, 501-02, 228 P.3d 804 (2010). Our Supreme Court has observed that in *Crawford*, the United States Supreme Court stated that "business records are 'by their nature . . . not testimonial.'" *State v. Kirkpatrick*, 160 Wn.2d 873, 882, 161 P.3d 990 (2007) (alteration in original) (quoting *Crawford*, 541 U.S. at 56), *overruled on other grounds by State v. Jasper*, 174 Wn.2d 96, 271 P.3d 876 (2012).

*Ineffective assistance of counsel*. Ms. Brooks next raises a number of complaints about her trial lawyer's representation: she claims that he was absent from most of her hearings, that he procrastinated, that he failed to present material evidence on her behalf,

9

that he waived her right to a jury trial by pressuring her to change her mind at the last minute, and that he failed to disclose disciplinary problems he was having with the state bar association.

Ms. Brooks's complaints about her trial lawyer failing to present evidence, pressuring her to waive jury trial, and failing to disclose disciplinary problems all depend on acts or omissions outside the record on appeal. While her charges that he procrastinated and was frequently absent from hearings have support in the record,[6] she fails to demonstrate that the result of any proceeding would have been different but for the alleged shortcomings in his representation.

"Typically, where the record does not support an argument or there is evidence outside of the record, the remedy is to bring a personal restraint petition with evidence in support of the claim." *State v. Turner*, 167 Wn. App. 871, 881, 275 P.3d 356 (2012). If evidence outside the record will demonstrate the required deficient performance and prejudice, Ms. Brooks may file a personal restraint petition supported by that evidence.

*The State withheld evidence*. Finally, Ms. Brooks argues that city funds continued to go missing after her employment was terminated, and the principal suspect in the

---

[6] The record reveals that more than two and a half years elapsed between Ms. Brooks's preliminary hearing in 2014 and her bench trial in 2017. Twenty-two hearings were conducted in her case during that period of time. Her lawyer was not present for half of these hearings and when he was present, he most often requested a continuance. The record also reveals trial court frustration with some of Ms. Brooks's lawyer's absence.

disappearance of $37,000 in city assets is a person who testified against her at trial. She characterizes this as a withholding of evidence by the State. Nothing in the record indicates that the State withheld evidence. If Ms. Brooks has evidence that the State engaged in such misconduct, her remedy is to file a personal restraint petition.

We affirm the conviction and remand for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Korsmo, J.

11